BROWN, Judge,
dissenting on Rehearing.
The Louisiana Supreme Court reversed this court and found that plaintiffs permanent back injuries resulted from the accident. On remand, the only question presented to this court is the value of plaintiffs loss. This question must be dispassionately determined without influence from a personal belief that the Supreme Court was wrong.
Mrs. Maranto has no hope of recovery from her back injury and is permanently unable to return to her occupation as a nurse. Because of chronic pain which interferes with her daily activities and family life, she suffers significantly from depression. Dr. Goodman, Mrs. Maranto’s treating physician, opined that her condition, which is permanent, will not allow her to return to her nursing duties.
The majority opinion reducing Mrs. Mar-anto’s award for lost wages and future earning capacity is premised on the belief that Mrs. Maranto can obtain supervisory and administrative employment. The vocational rehabilitation experts for both plaintiff and defendant, Drs. Cook and Galloway, agreed that Mrs. Maranto could not work at 95% of the jobs within her field and that the remaining 5% were supervisory and administrative nursing jobs. Nurses like Mrs. Maranto, however, who have a two-year associate degree rather than a four-year degree are at a disadvantage in obtaining these positions. In addition, because of chronic pain and the necessity to spend many days in bed, Mrs. Maranto’s employment prospects for these positions were extremely limited. Further, the availability of such positions was never shown; in fact, Dr. Cook testified that there were none available in Mrs. Maranto’s geographic area.
It is erroneous to surmise that Mrs. Mar-anto’s award should be cut by almost one-third because of the unrealistic possibility that she can perform 5% of jobs in her field. I note that the amount originally awarded combined two distinct losses for past wages and future earning capacity and was in line with the opinion of defendant’s expert.
To fashion facts to support a conclusion is but a veneer to cover the flaws in its substance. I find no factual basis for the majority’s reduction of Mrs. Maranto’s award of lost wages and lost earning capacity.